UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETHZAIDA DELGADO, NAACP-NEW ENGLAND AREA CONFERENCE, and NEW ENGLAND UNITED FOR JUSTICE, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM F. GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts, JUDYANN BIGBY, M.D., in her official capacity as Secretary of the Executive Office of Health and Human Services, and DANIEL J. CURLEY, in his official capacity as Commissioner of the Department of Transitional Assistance, <br><br> Defendants. | Civil Action No. 1:12-cv-10872-DJC |

## ANSWER

### FIRST DEFENSE

Defendants, William F. Galvin, in his official capacity as Secretary of the Commonwealth of Massachusetts ("Secretary Galvin"), JudyAnn Bigby, M.D., in her official capacity as Secretary of the Executive Office of Health and Human Services ("EOHHS"), and Daniel J. Curley, in his official capacity as Commissioner of the Department of Transitional Assistance ("DTA") (collectively, "Defendants"), hereby respond to the correspondingly-numbered paragraphs of Plaintiffs' Complaint as follows:

### INTRODUCTION

To the extent a response is required to the 11 non-numbered introductory paragraphs found at pages 2-5 of Plaintiffs' Complaint, the Defendants respond as follows:

1

With respect to the <u>first</u> introductory paragraph, Defendants deny the third sentence of this paragraph. To the extent responses are required to the legal conclusions contained in the remainder of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants admit that the right to vote is a fundamental right.

With respect to the <u>second</u> introductory paragraph, Defendants deny the first sentence of the paragraph. To the extent responses are required to the legal conclusions contained in the remainder of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

With respect to the <u>third</u> introductory paragraph, Defendants state that to the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

With respect to the <u>fourth</u> introductory paragraph, Defendants state that to the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

With respect to the <u>fifth</u> introductory paragraph, Defendants state that to the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves. With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the National Voter Registration Act of 1993 ("NVRA"), Defendants deny them.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph regarding United State Census Bureau data.

With respect to the <u>sixth</u> introductory paragraph, Defendants deny the entirety of this paragraph.  Further answering, Defendants state that, to the extent Plaintiffs rely on documents provided to them by DTA or other publicly-available documents in making the allegations contained in this paragraph, those documents speak for themselves.

With respect to the <u>seventh</u> introductory paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.  With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.  Further answering, Defendants state that, to the extent Plaintiffs rely on documents provided to them by DTA or other publicly-available documents in making the allegations contained in this paragraph, those documents speak for themselves.

With respect to the <u>eighth</u> introductory paragraph, Defendants deny the entirety of this paragraph.

With respect to the <u>ninth</u> introductory paragraph, Defendants deny the entirety of this paragraph.

With respect to the <u>tenth</u> introductory paragraph, Defendants state that to the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.  Defendants admit that the deadline in Massachusetts to register to vote in the 2012 federal election is October 17, 2012.

With respect to the <u>eleventh</u> introductory paragraph, Defendants state that to the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.

## JURISDICTION AND VENUE

1.      Admitted.

2.      To the extent responses are required to the legal conclusions contained in Paragraph 2 of Plaintiffs' Complaint—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them, and reserve the right to contest this Court's jurisdiction over the subject matter of the action.

3.      To the extent responses are required to the legal conclusions contained in Paragraph 3 of Plaintiffs' Complaint—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.

4.      To the extent a response is required to the legal conclusions contained in Paragraph 4 of Plaintiffs' Complaint—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them, and reserve the right to contest venue in this district.

5.      To the extent a response is required to the legal conclusions contained in Paragraph 5 of Plaintiffs' Complaint—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them, and reserve the right to contest that an actual and justiciable controversy exists between Plaintiffs and Defendants in this case.

## **PARTIES**

6.      With respect to the first paragraph of Paragraph 6 of Plaintiff's Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the first, second, and third sentences of this paragraph.  Defendants admit the fourth (and final) sentence of this paragraph.

With respect to the second paragraph of Paragraph 6 of Plaintiffs' Complaint, Defendants admit that EOHHS records show that Ms. Delgado first applied for MassHealth benefits through a DTA local office, and that she has visited the MassHealth enrollment center in Tewksbury, Massachusetts, on at least one occasion.  With respect to the second sentence of this paragraph, Defendants admit that, under certain limited circumstances, applications for MassHealth benefits are available at DTA offices, although an individual seeking solely to apply for MassHealth benefits at a DTA office would be directed to submit such an application at a MassHealth enrollment center.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of this paragraph.

With respect to the third paragraph of Paragraph 6 of Plaintiffs' Complaint, Defendants admit so much of the first sentence of this paragraph as indicates that Ms. Delgado visited the DTA local office in Lowell, Massachusetts on June 24, 2011.  They lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of this paragraph.

With respect to the fourth (and final) paragraph of Paragraph 6 of Plaintiffs' Complaint, Defendants admit that DTA/EOHHS records show that Ms. Delgado has received SNAP benefits since at least 2001, and that she has been eligible for MassHealth on and off since about 1990.

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

7.      With respect to the first two paragraphs of Paragraph 7 of Plaintiffs' Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in these two paragraphs.

With respect to the third (and final) paragraph of Paragraph 7 of Plaintiffs' Complaint, Defendants deny the entirety of this paragraph.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.  With respect to any allegations in Paragraph 8 that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.

9.      Defendants admit the first sentence of this paragraph.  To the extent responses are required to the legal conclusions contained in the remainder of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that Secretary Galvin's responsibilities are set forth in various constitutional provisions, statutes, and regulations, which speak for themselves.

10.     Defendants admit the first sentence of this paragraph.  With respect to the second sentence of this paragraph, Defendants state that EOHHS "administers" the public assistance programs identified in this sentence insofar as it oversees the various state agencies or offices that are directly responsible for administering these programs.  To the extent responses are required to the legal conclusions contained in the remainder of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

11.     Defendants admit the first sentence of this paragraph.  With respect to the second sentence of this paragraph, Defendants admit that DTA administers the SNAP, EAEDC, and TAFDC programs in Massachusetts, but denies that it administers the MassHealth program.  To the extent responses are required to the legal conclusions contained in the remainder of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

## **FACTUAL ALLEGATIONS**

12.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

13.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

14.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

15.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny

them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

16.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

17.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

18.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

19.     Admitted.

20.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

21.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them. Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

22.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

23.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

24.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

25.     Admitted.

26.     Defendants admit so much of the first sentence of this paragraph as states that Defendant Galvin is the Secretary of the Commonwealth and the chief election official in Massachusetts.  To the extent responses are required to the legal conclusions contained in the remainder of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that Secretary Galvin's responsibilities are set forth in various constitutional provisions, statutes, and regulations, which speak for themselves.

27.     Defendants admit the first sentence of this paragraph insofar as DTA "administers" SNAP, TAFDC, and EAEDC benefits, and EOHHS "administers" MassHealth. To the extent responses are required to the legal conclusions contained in the remainder of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny

them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph speak for themselves.

28.     Denied.

29.     Defendants deny the first sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of this paragraph.  Further answering, Defendants state that, to the extent Plaintiffs rely on publicly-available documents in making the allegations contained in this paragraph, those documents speak for themselves.

30.     Defendants deny the first sentence of this paragraph.  They admit the third sentence of this paragraph.  To the extent responses are required to the legal conclusions contained in the second sentence of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the provisions of law and other authorities cited by Plaintiffs in this paragraph speak for themselves.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of this paragraph.  Further answering, Defendants state that, to the extent Plaintiffs rely on documents provided to them by DTA in making the allegations contained in this paragraph, those documents speak for themselves.

31.     Defendants admit so much of the first sentence of this paragraph as indicates that DTA provided data to Plaintiffs' counsel in response to a public records request; they deny the remainder of this sentence.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of this paragraph.  Further answering, Defendants state that, to the extent Plaintiffs rely on documents provided to them by DTA in making the allegations contained in this paragraph, those documents speak for

10

themselves.  With respect to any allegations in this paragraph that Defendants have violated, are

violating, or will violate the NVRA, Defendants deny them.

32.     With respect to the first paragraph of Paragraph 32 of Plaintiffs' Complaint,

Defendants deny the first sentence of this paragraph and the footnote contained within this

paragraph.  With respect to the remainder of this paragraph, Defendants state that BEACON is

an operating system, not a "computerized process", and deny the allegations in this paragraph as

they relate to a client's "change of address," but otherwise admit the remainder of this paragraph.

With respect to the second (and final) paragraph of Paragraph 32 of Plaintiffs' Complaint,

Defendants admit so much of the first sentence of this paragraph as indicates that certain steps in

the BEACON system require a "hard stop," but deny that BEACON is a "computerized process."

Defendants lack knowledge or information sufficient to form a belief about the truth of the

allegations contained in the remainder of this paragraph.  Further answering, Defendants state

that, to the extent Plaintiffs rely on documents provided to them by DTA in making the

allegations contained in this paragraph, those documents speak for themselves.

33.     Denied.

34.     Defendants deny the first, fourth, and fifth (and final) sentences of this paragraph.

To the extent responses are required to the legal conclusions contained in the second and third

sentences of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—

Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in

this paragraph speak for themselves.

35.     To the extent responses are required to the legal conclusions contained in this

paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny

them.  Defendants further state that the provisions of law cited and documents relied upon by

Plaintiffs in this paragraph speak for themselves.  With respect to the third (and final) sentence of this paragraph, Defendants deny the allegations contained in this sentence.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.  With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.

37.     To the extent responses are required to the legal conclusions contained in the first sentence of this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)— Defendants deny them.  Defendants further state that the provisions of law cited by Plaintiffs in this sentence speak for themselves.  Defendants deny the remainder of this paragraph.  Further answering with respect to the remainder of this paragraph, Defendants state that the "Virtual Gateway" described in Paragraph 37 of Plaintiffs' Complaint is an internet portal designed by EOHHS that provides the general public, medical providers, community-based organizations and EOHHS staff with online access to information about health and human services and how to apply for such services.  With respect to Food Stamp (or "SNAP") benefits administered by DTA, while an applicant can <u>initiate</u> an application for such benefits via the Virtual Gateway, the applicant cannot <u>complete</u> the application except via an in-office or telephone interview, at which point DTA performs the protocols required by the NVRA.  With respect to MassHealth benefits, an individual cannot apply for such benefits via the Virtual Gateway; only a Medicaid provider may apply for benefits <u>on behalf of</u> a patient via the Virtual Gateway.  Use of the Virtual Gateway therefore does not constitute an "application for" public benefits, or a "recertification, renewal, or change of address form relating to" such benefits that would trigger the requirements of the NVRA.  42 U.S.C. § 1973gg-5(a)(6)(A).

38.     To the extent responses are required to the legal conclusions contained in this

paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny

them.  Defendants further state that the provisions of law cited by Plaintiffs in this paragraph

speak for themselves.  Defendants admit that the Part I, Article IX of the Declaration of Rights of

the Massachusetts Constitution provides an equal right to vote to all qualified citizens of the

Commonwealth.

39.     Defendants admit that Plaintiff New England United for Justice ("NEU4J") sent

the letter described in this paragraph and attached as Exhibit A to Plaintiffs' Complaint to

Defendants on or around December 8, 2011.  Defendants further state that the contents of that

letter, as well as the provisions of law cited by Plaintiffs in this paragraph, speak for themselves.

Defendants deny the last sentence of this paragraph.

40.     Defendants admit so much of the first sentence of this paragraph as states that

Defendants met with representatives for some of the Plaintiffs on February 9, 2012; they deny so

much of this sentence as suggests that Defendants have violated, are violating, or will violate the

NVRA.  Defendants deny the remainder of this paragraph.  Further answering, Defendants state

that after the January 9, 2012, meeting among the parties, Defendants decided that it would be

more productive and conducive to resolution of the dispute to provide a letter to the Plaintiffs

detailing in writing the numerous existing policies and procedures in place at DTA and Secretary

Galvin's Office (among other agencies), as well as several changes in such policies and

procedures that these offices had made or would make in the near future to address concerns over

compliance with the NVRA.  To that end, Defendants (through the Elections Division of

Secretary Galvin's Office) sent Plaintiffs a letter on March 6, 2012, explaining these items.  (A

copy of this March 6 letter is attached as **Exhibit A** to this Answer.)  Although the March 6 letter

plainly states that "[w]e would be happy to receive any further input you may have, as we move forward in our administration of the NVRA," Defendants heard nothing from Plaintiffs in response to the March 6 letter until the day before Plaintiffs filed this Complaint on May 15, 2012, when Defendants received a letter from Plaintiffs' counsel stating their intent to sue Defendants under the NVRA.

41.     With respect to the first sentence of the first paragraph of Paragraph 41 of Plaintiffs' Complaint, Defendants admit that they sent the March 6, 2012, response letter to the recipients listed in the letter (see **Exhibit A** to this Answer for a copy of the March 6 letter), but deny the remainder of this paragraph.  Further answering, Defendants state that the March 6 letter from Defendants to Plaintiffs speaks for itself.  With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.

With respect to the second paragraph of Paragraph 41 of Plaintiffs' Complaint, Defendants state that to the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the March 6 letter from Defendants to Plaintiffs discussed in this paragraph speaks for itself.  With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.

42.     Defendants admit the allegations in this paragraph only insofar as the quoted language appears in the March 6 letter from Defendants.  Defendants deny the remainder of this paragraph.  Defendants further state that the March 6 letter from Defendants to Plaintiffs discussed in this paragraph speaks for itself. (See **Exhibit A** to this Answer for a copy of the

March 6 letter.)  With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.

43.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the March 6 letter from Defendants to Plaintiffs discussed in this paragraph speaks for itself. (See **Exhibit A** to this Answer for a copy of the March 6 letter.) With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.

44.     To the extent responses are required to the legal conclusions contained in this paragraph—which are not "allegations" of fact under Fed. R. Civ. P. 8(b)—Defendants deny them.  Defendants further state that the March 6 letter from Defendants to Plaintiffs discussed in this paragraph speaks for itself. (See **Exhibit A** to this Answer for a copy of the March 6 letter.) With respect to any allegations in this paragraph that Defendants have violated, are violating, or will violate the NVRA, Defendants deny them.

45.     Denied.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

47.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

48.     Defendants admit the allegations in this paragraph insofar as DTA/EOHHS records show that Ms. Delgado has received SNAP benefits since at least 2001, and that she has been eligible for MassHealth on and off since about 1990.  Defendants admit that EOHHS records show that Ms. Delgado first applied for MassHealth benefits through a DTA local office,

and that she has visited the MassHealth enrollment center in Tewksbury, Massachusetts, on at least one occasion.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of this paragraph.

49.      Defendants admit so much of the first sentence of this paragraph as indicates that Ms. Delgado visited the DTA local office in Lowell, Massachusetts on June 24, 2011. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the remainder of this paragraph.

50.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

51.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

52.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, except insofar as this paragraph alleges that Defendants have violated, are violating, or will violate the NVRA, which Defendants deny.

53.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, except insofar as this paragraph alleges that Defendants have violated, are violating, or will violate the NVRA, which Defendants deny.

54.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, except insofar as this paragraph alleges that Defendants have violated, are violating, or will violate the NVRA, which Defendants deny.

55.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, except insofar as this paragraph alleges that Defendants have violated, are violating, or will violate the NVRA, which Defendants deny.

## CLAIMS FOR RELIEF

56.     Defendants re-allege and incorporate by reference their answers to the

introductory paragraphs and Paragraphs 1 through 55 of Plaintiffs' Complaint as if set forth fully

herein.

57.     Denied.

58.     Denied.

## PRAYERS FOR RELIEF

To the extent a response is required to Plaintiffs' prayers for relief on pages 29-31 of their

Complaint, Defendants deny the factual allegations contained therein, and ask that this Court

deny Plaintiffs' request for the relief specified and enter judgment in favor of Defendants.

## SECOND DEFENSE

Plaintiffs lack standing to prosecute this case, and/or their Complaint fails to state a claim

upon which relief can be granted, because they failed to comply with the notice requirements of

the NVRA prior to filing this action.  42 U.S.C. § 1973gg-9(b).

Specifically, the written notice sent by Plaintiff NEU4J to the Defendants on

December 8, 2011 (see Paragraph 39 of and Exhibit A to Plaintiffs' Complaint) identified neither

Plaintiff Delgado nor Plaintiff NAACP-NEAC as a potential plaintiff.  Defendants therefore had

no notice of Delgado's or NAACP-NEAC's alleged injuries or allegations until Plaintiffs filed

suit on May 15, 2012.  Plaintiffs Delgado and NAACP-NEAC therefore have not complied with

the notice requirements of the NVRA, and must accordingly be dismissed from the case.

Moreover, none of the Plaintiffs gave Defendants an adequate opportunity to correct any

putative violation of the NVRA identified in the December 8, 2011 letter.  As described in

Paragraph 40 of this Answer, above, Defendants sent Plaintiffs a letter on March 6, 2012,

identifying the numerous steps Defendants had taken to address and/or cure any putative

violation by Defendants of the NVRA, and inviting further discussion with Plaintiffs.  (See also

**Exhibit A** to this Answer.)  Defendants heard <u>nothing</u> from Plaintiffs in response to Defendants'

March 6 letter until the day before Plaintiffs filed their complaint, when Defendants received a

letter from Plaintiffs' counsel indicating that they would be filing suit against the Defendants

under the NVRA.  But the NVRA specifies that a private cause of action may be maintained only

if "a person who is aggrieved by a violation of" the NVRA sends written notice of the alleged

NVRA violation(s) to the state's chief election official (here, Secretary Galvin), <u>and</u> "[i]f the

violation is not corrected within 90 days after receipt of a [written] notice" of the alleged

violation(s).  42 U.S.C. §§ 1973gg-9(b)(1), (b)(2).  Here, even if there was a violation of the

NVRA by Defendants prior to Plaintiffs' December 8, 2011 letter—which Defendants deny—

Defendants' March 6, 2012 letter made clear that Defendants had corrected any putative NVRA

violation.  Instead of apprising Defendants of whether and how the changes identified in the

March 6 letter failed to address Plaintiffs' concerns or failed to cure any putative violation of the

NVRA, Plaintiffs simply filed suit.  Plaintiffs' failure to comply with the notice-and-cure

provisions of the NVRA, 42 U.S.C. § 1973gg-9(b), means that they lack standing to prosecute

this action, and/or that their Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs NEU4J and NAACP-NEAC lack standing to prosecute this case, and this Court

therefore lacks jurisdiction over the subject matter of this action as it pertains to them, for the

additional reason that those Plaintiffs have not suffered the requisite "injury in fact" that would

give rise to Article III and/or jurisprudential standing, either in their own behalf or in any

representative capacity.

**FOURTH DEFENSE**

Plaintiffs Delgado lacks standing to prosecute this case, and this Court therefore lacks jurisdiction over the subject matter of this action as it pertains to her, because she has not suffered the requisite "injury in fact" that would give rise to Article III and/or jurisprudential standing.

**FIFTH DEFENSE**

Plaintiffs' claims are now moot in light of the steps taken by Defendants to cure any putative violation of the NVRA, as evidenced by their March 6, 2012, letter to Plaintiffs.  (See Paragraph 40 of and **Exhibit A** to this Answer).  The changes made by Defendants establish that there is no longer a live controversy between the parties, and so the case should be dismissed as moot.

**SIXTH DEFENSE**

To the extent Plaintiffs make claims against the Defendants based on putative violations of state law, such claims are barred by the Commonwealth's sovereign immunity from suit under the Eleventh Amendment to the United States Constitution.

**ADDITIONAL DEFENSES**

Defendants reserve the right to raise any and all defenses that may become apparent or available during the course of the proceedings in this case.

WHEREFORE, Defendants request that the Court deny Plaintiffs the relief they request in the Complaint, dismiss the Complaint with prejudice, and enter judgment in favor of Defendants.

Respectfully submitted,

WILLIAM F. GALVIN, in his official capacity as
Secretary of the Commonwealth of Massachusetts,
JUDYANN BIGBY, M.D., in her official capacity
as Secretary of the Executive Office of Health and
Human Services, and DANIEL J. CURLEY, in his
official capacity as Commissioner of the
Department of Transitional Assistance,

By their attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL


*/s/ Timothy J. Casey*
Timothy J. Casey (BBO No. 650913)
timothy.casey@state.ma.us
(617) 963-2043
Tori T. Kim (BBO No. 651721)
tori.kim@state.ma.us
(617) 963-2022
Assistant Attorneys General
Government Bureau
One Ashburton Place
June 8, 2012                      Boston, Massachusetts 02108-1598


## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF),
and paper copies will be sent by e-mail and regular mail to individuals indicated as non-
registered participants (if any) on June 8, 2012.

*/s/ Timothy J. Casey*
Timothy J. Casey
Assistant Attorney General