UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETHZAIDA DELGADO,<br><br>NAACP-NEW ENGLAND AREA<br>CONFERENCE, and<br><br>NEW ENGLAND UNITED FOR JUSTICE,<br><br>        Plaintiffs,<br><br>        v.<br><br>WILLIAM F. GALVIN,<br>*in his official capacity as Secretary of the*<br>*Commonwealth of Massachusetts,*<br><br>JUDYANN BIGBY, M.D.,<br>*in her official capacity as Secretary of the*<br>*Executive Office of Health and Human*<br>*Services,* and<br><br>DANIEL J. CURLEY,<br>*in his official capacity as Commissioner of the*<br>*Department of Transitional Assistance,*<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:12-cv-10872-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

The parties in the above-captioned matter having moved for entry of a Stipulated

Protective Order pursuant to Fed. R. Civ. P. 26(c), to expedite the exchange of Discovery

Material (as defined below) in the above-captioned matter (the "Litigation"), to facilitate the

prompt resolution of disputes over confidentiality, to protect Discovery Material entitled to be

kept confidential, and to ensure that confidentiality is afforded only to material so entitled, it is

hereby ORDERED:

**1.     Definitions**

 (a) "Discovery Material" means any material produced, filed, served by, or otherwise obtained from, any Producing Party during discovery or otherwise in the Litigation or any information included in such material.  Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Producing Party (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

 (b) "Producing Party" means any party that produces Discovery Material to any other party in connection with this Litigation.

 (c) "Personal Data" means any information concerning an individual which, because of name, social security number, identifying number, mark, or description can be readily associated with a particular individual; provided, however, that such information is not contained in a public record, as defined in Mass. Gen. L. c. 4, § 7(26).

 (d) "Privileged Data" means any information concerning Public Assistance clients or registered voters, which are normally subject to the protections afforded such data pursuant to state and federal privacy laws, including without limitation the Massachusetts Fair Information Practices Act ("FIPA"), Mass. Gen. L. c. 66A; the Massachusetts confidentiality provisions relating to public assistance records, Mass. Gen. L. c. 66, § 17(A); Mass. Gen. L. c. 18, § 11; 106 C.M.R. § 104.010 et seq.; the federal Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d; 45 C.F.R. §§ 164.500 et seq.; the federal Medicaid confidentiality provisions, 42 U.S.C. § 1396a(a)(7); and the federal alcohol and drug treatment confidentiality requirements, 42 U.S.C. § 290dd-2.

(e)     "Public Assistance" means the Food Stamp (or SNAP), Medicaid (or MassHealth), Women, Infants, & Children (WIC), Emergency Aid to Elderly, Disabled and Children (EAEDC), and Aid to Families with Dependent Children (AFDC or TAFDC) programs administered in Massachusetts.

(f)     "Receiving Party" means any party who receives Discovery Material in this Litigation.

(g)     "Confidential Discovery Material" means any Discovery Material that is stamped or labeled "CONFIDENTIAL" in a way that brings its attention to a reasonable examiner and does not interfere with the legibility of the material, or, in the event that such Discovery Material is disclosed in a form not appropriate for such placing or affixing, is designated in writing as Confidential Information at the time it is delivered to the Receiving Party.  In the case of electronically stored Discovery Material, the designation of material as "CONFIDENTIAL" shall appear in a database field entitled "TREATMENT" or other appropriate location that shall be related to each document.  Additionally, each hard drive, disk or other physical item containing native files or electronically-stored information shall be marked to indicate that it contains Confidential Discovery Material.

(h)     "Designating Person" means any Producing Party who designates Discovery Material as Confidential Discovery Material.

(i)     "Objecting Party" means any party that objects to the designation of any Discovery Material as Confidential Information in accordance with the terms of Paragraph 7 herein.

- 3 -

2.      **Non-Disclosure of Confidential Discovery Material**

Except with the prior written consent of the Producing Party originally designating Discovery Material as Confidential Discovery Material, no Confidential Discovery Material may be disclosed to any person or used in any manner except as provided herein.

3.      **Use of Discovery Material**

Without the prior written consent of the Producing Party, Discovery Material produced or furnished in this litigation by any person shall not be used by the Receiving Party for any purpose other than the prosecution or defense of the Litigation, including appeals.  This provision shall not apply, however, to any Discovery Material that is or was publicly available, or obtained by the Receiving Party independently of formal discovery in this litigation, or that has been filed in an unsealed court filing.

4.      **Material Entitled to Confidential Designation**

By designating Discovery Material as Confidential Discovery Material within the meaning of this Stipulated Protective Order, a Designating Person attests and represents that such Discovery Material (a): is (1) confidential, non-public information of an organization concerning its activities, meetings, members, financial information, including any information regarding budgets, personnel compensation, and/or funding, or any other information not otherwise available to the public, or (2) confidential, non-public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical, investment, credit and banking information; and (b) may be subject to a protective order under Fed. R. Civ. P. 26(c)(1)(G) or may be required by statute to be kept confidential.

- 4 -

This Stipulated Protective Order shall not apply to Personal Data and/or Privileged Data in the possession of Defendants relating to Public Assistance clients or registered voters, including any information that would tend to identify particular Public Assistance clients or registered voters. To the extent any party requests the disclosure of such information, such party shall identify with particularity the documents or other information sought, and any disclosure by Defendants shall be subject to a separate protective order, supported by a showing that there is a compelling need for such information that outweighs the potential harm from disclosure. See In re Hampers, 651 F.2d 19 (1st Cir. 1981). This Order, however, shall not prohibit the disclosure of numerical data or summaries from databases maintained by Defendants (including without limitation the "BEACON" system), provided that only numerical data are disclosed (such as tallies of the number of responses to particular data inputs) stripped of any Personal Data, Privileged Data, or other narrative information regarding a registered voter's application to register to vote, or a Public Assistance client's application for or receipt of benefits. Such numerical data or summaries shall be deemed to be Confidential Discovery Material, and subject to the provisions of this Stipulated Protective Order.

Any request by Plaintiff Bethzaida Delgado, through her attorneys of record, for Personal Data and/or Privileged Data in her Public Assistance case files, including information concerning members of her family or assistance unit, or information otherwise in the possession of Defendants concerning Bethzaida Delgado, shall be subject to this Stipulated Protective Order. Such request shall be construed as demonstrating Bethzaida Delgado's consent and/or authorization for disclosure of such information, provided that she signs the written release attached to this Order.

**5.      Use and Disclosure of Discovery Material Designated Confidential Discovery Material**

(a)      Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or otherwise provided in this Order, Discovery Material designated as Confidential Discovery Material may be used only in connection with the prosecution or defense of the Litigation.  Except upon the prior written consent of the Producing Party or as otherwise expressly provided in this Order, Confidential Discovery Material may be disclosed only to the following persons:

(1)      Counsel of record, including in-house counsel, and any other counsel for the Parties in this Litigation, members of their firms and associates, associate attorneys, paralegals, legal assistants, clerical, and other regular employees of such counsel who are assisting in the conduct and/or management of this Litigation;

(2)      The Court, its staff, and court officials involved in the Litigation (including court reporters or persons operating video equipment at depositions), any Special Master appointed by the Court and his or her staff, and any mediators and their staff agreed to by the parties in the Litigation;

(3)      Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, pursuant to order entered upon notice to the parties;

(4)      Witnesses in preparation for deposition or at deposition, but only in connection with their testimony in the Litigation and provided that each such witness signs the Agreement to Abide by Stipulated Protective Order attached hereto;

(5)      Named parties and such officers, directors, employees or agents of the named parties as counsel, in good faith, require to provide assistance in the conduct of the

Litigation, including parties in legal actions that have been, or in the future are, made part of, and/or consolidated with the Litigation;

(6)     Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services;

(7)     Any person reflected as an author, addressee, or recipient of the Confidential Discovery Material; and

(8)     Third-party contractors providing graphics or design services retained by counsel for a party for the purpose of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Litigation.

(9)     Outside experts retained by counsel for the Litigation, provided that each expert signs the Agreement to Abide by Stipulated Protective Order attached hereto.

## 6.     Confidential Discovery Material in Depositions and Responses to Discovery Requests

(a)     Subject to paragraph 5(a)(4) above, a party's counsel may show Confidential Discovery Material to any deposition witness who is the Producing Party or a corporate parent, subsidiary, affiliate, officer, director, employee, partner, agent, consultant, attorney or expert of the Producing Party, or who is represented in this Litigation by counsel for the Producing Party.

(b)     Parties and deponents may, within ten (10) business days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential Discovery Material to the extent they contain material or information entitled to protection (as

defined in Paragraph 4 above).  Such Confidential Discovery Material within the deposition transcript may be designated only by marking pages that contain confidential information and placing on such pages the legend:  "CONFIDENTIAL."  Until the expiration of the 10-business-day period during which designations may be made, the entire deposition transcript and exhibits will be treated as subject to protection as Confidential Discovery Material under this Order.  If a designation is made, the pages and exhibits designated as Confidential Discovery Material, if filed, shall be filed under seal pursuant to Paragraph 10, separate from the pages and exhibits not so marked.  If any depositions are videotaped, those portions of the videotape corresponding to pages of the deposition transcript designated as Confidential shall be afforded the same status. Failure to designate any page of a transcript as Confidential in accordance with the terms of this paragraph shall constitute a waiver of any confidentiality of that page.

(c)     If Discovery Material entitled to protection as Confidential Discovery Material (as defined in Paragraph 4 above) is included in written answers to discovery requests of any kind, such answers or responses shall be marked "CONFIDENTIAL."

## 7.     Declassification of Confidential Discovery Material

Nothing in this Stipulated Protective Order shall be taken as indicating that any information is in fact entitled to treatment as Confidential Discovery Material on the grounds that it is marked as such.  The parties shall not be obligated to challenge the propriety of a "Confidential" designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.  If, at any time, a party objects to a designation of Discovery Material as Confidential Discovery Material under this Stipulated Protective Order, the Objecting Party shall notify the Producing Party in writing.  Within five (5) calendar days of the receipt of such notification, counsel for the Producing Party and the Objecting Party shall confer

in good faith in an effort to resolve any disagreement regarding the Producing Party's designation of the Discovery Material as Confidential Discovery Material. If, for whatever reason, the parties do not resolve their disagreement, the Objecting Party may apply to the Court within ten (10) calendar days from the date the parties conclude their meet and confer (or from the date of receipt of notification if no meet and confer is conducted) for a ruling on the Producing Party's designation of the Discovery Material as Confidential Discovery Material. While any such application is pending, and until such time as there is a final court order declaring the Discovery Material in question to be Confidential Discovery Material, the documents or materials subject to that application will be treated as Confidential Discovery Material. If the Objecting Party does not apply to the Court for a ruling on the Producing Party's designation of Discovery Material as Confidential Discovery Material within the time periods set forth above, the Discovery Material in question will retain its designation as Confidential Discovery Material. In any proceeding to determine the validity of a designation of Discovery Material as Confidential Discovery Material, the Producing Party shall have the burden of proving by a preponderance of the evidence that the Discovery Material in question is Confidential Discovery Material as defined in Paragraph 4 of this Order. Nothing in this Stipulated Protective Order shall be construed as preventing any party from objecting to the designation of any Discovery Material as Confidential Discovery Material or preventing any party from seeking protection for any Discovery Material.

8.    **Inadvertent Failure to Designate**

(a)    A Producing Party may notify the Receiving Parties that Discovery Material that should have been designated as Confidential Discovery Material under the terms of this Order was inadvertently produced without being designated as such. Upon receiving such notice from

the Producing Party, the party receiving such notice shall immediately treat the Discovery

Material as if it had been so designated as Confidential Discovery Material and shall place the

appropriate designation on the document within five (5) business days of receipt of such notice.

No party shall be deemed to have violated this Order if, prior to notification of any later

designation, such Discovery Material has been disclosed or used in a manner inconsistent with

the later designation.  Once such a designation has been made, however, the relevant documents

or materials shall be treated as Confidential Discovery Material in accordance with this Order;

provided, however, that if the Discovery Material that was inadvertently not designated is, at the

time of the later designation, filed with a court on the public record, the Producing Party who

failed to make the designation shall, if so advised, move for appropriate relief.

(b)     If an inadvertently omitted "Confidential" designation is first claimed during the

course of a deposition, hearing, or other court proceeding, the subject Discovery Material may be

used throughout that deposition, hearing, or proceeding as though no designation had been made,

but shall be treated as though such designation had been made immediately thereafter.

## 9.     Privileged Discovery Material

(a)     If a Producing Party determines that it has inadvertently produced documents or

materials that are subject to a claim of privilege or immunity, or otherwise protected from

disclosure, the Producing Party shall inform counsel for the Receiving Parties of the inadvertent

production in writing, and counsel for the Receiving Parties shall take reasonable steps to ensure

that all known copies of any such documents are promptly returned to the Producing Party.

Inadvertent production of privileged or otherwise protected Discovery Material will not be

deemed to have waived any privilege.

(b)      In the event that only part of the document is claimed to be privileged or protected, the Producing Party shall furnish redacted copies of such document, removing only the part(s) thereof claimed to be privileged or protected.  Upon receipt of the redacted copy, the Receiving Party, absent a challenge pursuant to paragraph subsections (c) and (d) of this paragraph, shall promptly return all unredacted copies to the Producing Party in accordance with this paragraph.

(c)      If the Receiving Party contests the Producing Party's designation of privilege as to any purportedly inadvertently produced material, the Receiving Party shall retain all copies of the document under dispute segregated from other documents in a file marked "INADVERTENT PRODUCTION – PRIVILEGE DISPUTED."  The Producing Party shall then have ten (10) business days after such challenge in which to file a motion seeking recovery of the privileged document, unless the parties agree to extend that period of time.  Neither the purported inadvertently produced privileged document nor any of its contents shall be used, disclosed or referred to for any purpose until the motion is decided or the time for filing such motion has passed and no motion has been filed, except that (i) the purportedly privileged document may be filed by any party with the Court under seal for in camera review, and (ii) if the contents of the document are relevant to the Court's determination, either party may also refer to the contents in its motion or related brief, provided the motion and brief are also filed under seal and not disclosed to others.  A Producing Party's failure to make a timely motion after being informed of the challenge shall be deemed a waiver of any attorney-client privilege for that particular document, without prejudice to any party's right to argue that the waiver does or does not qualify as a subject matter waiver.

**10.    Filing of Confidential Discovery Material**

(a)    Filing Under Seal:  Except as otherwise set forth in subsection 10(b), those

portions of pleadings, motions, affidavits, briefs, exhibits, and other papers filed with or

submitted to the Court that contain Confidential Discovery Material shall be filed separately

under seal.  The portion of the filing made under seal shall be separately filed in an envelope

bearing the name and index number of the action, marked with the title (or a general description)

of its contents and the legend:  "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY

ORDER IN NO. 12 Civ. 10872."  If filed under seal, the filing or submission shall remain under

seal (i) unless otherwise ordered by this Court upon notice to the parties, or (ii) unless the

Producing Party who produced the subject Confidential Discovery Material included or used in

the filing consents in writing to its unsealing, in which case the contents of the filing should be

unsealed to the extent of such consent.

(b)    Service and Request for Consent Before Filing:  To alleviate the need for filing

papers with the Court under seal, a party filing or submitting to the Court portions of pleadings,

motions, affidavits, briefs, exhibits, and other papers that contain Discovery Material designated

as Confidential Discovery Material may obtain the consent of the Producing Party prior to filing

with the Court pursuant to the following procedures.  A party filing or submitting papers

containing Confidential Discovery Material shall serve all papers upon the Producing Party on

the dates agreed upon by the parties or required by the Court, or pursuant to the Federal Rules of

Civil Procedure, the Local Rules and Individual Practices of this Court, with a request that the

Producing Party consent to the unsealed filing of the Confidential Discovery Material.

Concurrently with the service of the documents on the Producing Party, the filing party will also

file the memoranda or other documents with the Court with redactions to conceal the information

- 12 -

as to which it has asserted confidentiality. The Producing Party shall have two (2) business days to respond to the filing party's request for consent. If the Producing Party provides consent, the filing party may re-file the papers in Court, including the Confidential Discovery Material without redactions, without filing under seal or otherwise following the procedures set forth in subsection 10(a). If the Producing Party declines to give consent within two business days, the Parties shall follow the procedures for filing Confidential information set forth in subsection 10(a). Notwithstanding anything in this paragraph, any party may object at any time to the designation of any Discovery Material as Confidential Discovery Material in accordance with Paragraph 7 of this Order. Failure of the Producing Party to respond to such objection in accordance with Paragraph 7 herein shall constitute a waiver of the Objecting Party's obligation to file such Discovery Materials under seal.

(c)     Except at trial, prior to using any Discovery Material designated as Confidential Discovery Material in open court, counsel shall confer regarding such procedures as are necessary to protect the confidentiality of the subject Discovery Material.

**11.     Confidential Documents and Materials at Trial**

No fewer than thirty (30) days before the date upon which the parties are directed to submit a Joint Pretrial Order in the above-captioned case, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of Confidential Discovery Material at trial. Such proposal shall be submitted to the Court as a part of or contemporaneously with the Joint Pretrial Order. To the extent the parties fail to agree on a proposal addressing the use of Confidential Discovery Material at trial, they may submit alternative proposals to the Court. Neither this Order nor any designation of confidentiality shall affect the admissibility into evidence of the information so designated.

**12.** **Further Requests for Production**

If, at any time, any Confidential Discovery Material in the custody, possession, or control of any person other than the Producing Party who originally produced such material is requested by any court or other tribunal to disclose such material, or is subpoenaed by any court, administrative agency, legislative body or other person or entity, the person or party to whom the subpoena or request is directed shall provide written notice to the Producing Party who originally produced the Confidential Discovery Material within three (3) business days, and shall provide that Producing Party five (5) business days thereafter to respond to the subpoena or request, but shall otherwise comply, as required by law, with the subpoena or request.

**13.** **Miscellaneous**

By this Order, no party hereto shall be deemed to have waived its right to assert that any particular document should or should not be accorded treatment as Confidential Discovery Material, so long as such rights are asserted in accordance with the terms of this Order.  For purposes of computing any period of time under this Order, the provisions of Fed. R. Civ. P. 6 shall apply unless otherwise specified.  This Order may be executed in counterparts.

**14.** **Termination**

The provisions of this Order shall continue to be binding after final termination of the Litigation.  Within one hundred and twenty (120) days after final conclusion of all aspects of the Litigation, including any appeals, any party or person who received Confidential Discovery Material must, at the option of the Receiving Party, (i) return such documents and materials to the Producing Party, or (ii) certify in writing to counsel to the Producing Party that the Receiving Party has destroyed the Confidential Discovery Material other than counsel's copies of exhibits filed under seal with the Court, counsel's file copies of papers prepared by counsel in connection

- 14 -

with this Litigation, e.g., pleadings, court papers, discovery requests and responses, and other papers filed or served in the Litigation, and counsel's file copies of deposition and trial transcripts.

**15.   Consent to Jurisdiction**

Any party receiving any Confidential Discovery Material in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

**16.   Additional Parties**

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel.  Within ten (10) days of (i) the entry of an appearance by a new party in this Litigation, or (ii) the transfer of a complaint that arises out of the same or similar facts alleged in the complaints in the Litigation, counsel for Plaintiffs shall serve a copy of this Order on such party's counsel.

**17.   Use of this Order**

Neither this Order nor the existence of such nor any designation of Discovery Material as Confidential Discovery Material shall be offered or admitted into evidence at jury trial or argued or disclosed to any jury in the Litigation.

**18.   Scope of Discovery**

Nothing in this Order is intended to constitute an agreement regarding the scope of discovery.

## 19.    Use of Own Information

Nothing herein shall impose any restriction on the use of or disclosure by a party of its own information or from disclosing a document containing Confidential Discovery Material to any natural person who the document clearly identifies as an author, addressee, or carbon copy recipient of such document. Nor shall this Order be construed to prevent any party or its counsel or their retained outside experts and consultants and litigation support vendors from making use as they see fit of information that was lawfully available to the public or lawfully in the possession of the party, counsel or expert independent of any disclosure of Confidential Discovery Material in the Litigation, or Discovery Material not previously designated as Confidential Discovery Material. In the event, however, that a non-party provides Discovery Material that was generated by a party to this Order and that non-party believes that the Discovery Material should be designated as Confidential Discovery Material, the non-party may request that all copies of such Discovery Material be stamped "Confidential" in accordance with Paragraph 1(d), provided that the non-party was acting within the scope of his or her employment or agency for the party when he or she obtained such Confidential Discovery Material from the party (or an affiliate or subsidiary thereof) and such designation is consistent with the terms of this Order. If the parties to this Order disagree concerning the proper designation of such Discovery Material, their dispute shall be resolved pursuant to the procedures described in Paragraph 7 of this Order. Pending the Court's ruling, the party contesting the requested designation shall treat the Discovery Material as if the requested designation were proper and effective.

Dated: July 13, 2012

STIPULATED AND AGREED TO BY:

By:  /s/ John Kenneth Felter
John Kenneth Felter (BBO#162540)
Eugene L. Morgulis (BBO #675429)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
(617) 951-7000 (telephone)
(617) 951-7050 (facsimile)
ken.felter@ropesgray.com
eugene.morgulis@ropesgray.com

Lisa Danetz (BBO #645998)
Dēmos
358 Chestnut Hill Avenue, Suite 303
Brighton, Massachusetts  02135
(617) 232-5885
ldanetz@demos.org

Adam Lioz (admitted *pro hac vice*)
Dēmos
1710 Rhode Island Avenue
Washington, D.C.  20036
(202) 559-1543
alioz@demos.org

Bob Kengle (admitted *pro hac vice*)
bkengle@lawyerscommittee.org
Alejandro Reyes (admitted *pro hac vice*)
areyes@lawyerscommittee.org Lawyers'
Committee for Civil Rights Under Law
1401 New York Avenue, N.W., Suite 400
Washington, D.C.  20005
(202) 662-8321

Sarah Brannon (admitted *pro hac vice*)
sbrannon@projectvote.org
Sabrina Khan (admitted *pro hac vice*)
skhan@projectvote.org
Project Vote
1350 Eye Street, NW, Suite 1250
Washington, DC  20005
(202) 546-4173

- 17 -

Rahsaan Hall (BBO #645369)
Lawyers' Committee for Civil Rights
and Economic Justice
294 Washington St., Ste #443
Boston, MA 02108
(617)988-0608
rhall@lawyerscom.org

*Attorneys for Plaintiffs Bethzaida Delgado,*
*NAACP-New England Area Conference, and New*
*England United for Justice*


MARTHA COAKLEY
ATTORNEY GENERAL

By:  /s/ Tori T. Kim
Tori T. Kim (BBO No. 651721)
tori.kim@state.ma.us
(617) 963-2022
Timothy J. Casey (BBO No. 650913)
timothy.casey@state.ma.us
(617) 963-2043
Assistant Attorneys General
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108

*Attorneys for Defendants William F. Galvin,*
*JudyAnn Bigby, and Daniel J. Curley*


**SO ORDERED:**

Dated this 31st day of July , 2012.

The Honorable Denise J. Casper
United States District Judge

- 18 -

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I have been designated as a person who may have access to Confidential Discovery Material under paragraph 5 of the Stipulated Protective Order entered in *Delgado et al. v. Galvin et al.*, Case No. 1:12-CV-10872-DJC (D. Mass.). I have received and reviewed a copy of the Stipulated Protective Order, and agree to abide by its terms with respect to all Confidential Discovery Material as defined therein.

Signed under the pains and penalties of perjury on this ____day of _____.

_____
[Recipient of Confidential Material]

## AUTHORIZATION FOR RELEASE OF INFORMATION

I hereby authorize Defendants in this action or their employees or representatives to release the following information to my authorized representative listed below.

Name of Requester:

Bethzaida Delgado
277 East Merrimack Street
Lowell, Massachusetts  01852

Documents requested:

Information pertaining to Bethzaida Delgado contained in Public Assistance case files (including information pertaining to members of her family or assistance unit), or information otherwise in the possession of the Department of Transitional Assistance, Executive Office of Health and Human Services Office of Medicaid/MassHealth, and the Office of the Secretary of the Commonwealth.

Representative to Whom Documents Will be Released:

John Kenneth Felter
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600

Signed this ___th day of _____ 2012.

_____
Bethzaida Delgado