UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BETHZAIDA DELGADO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:12-cv-10872-DJC |
| v. | ) |
| | ) |
| WILLIAM F. GALVIN, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDMENT ON THE PLEADINGS AS TO CLAIMS REGARDING THE
OFFICE OF MEDICAID, INDIVIDUAL PLAINTIFF, AND REMOTE TRANSACTIONS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants William F. Galvin, in his official capacity as Secretary of the Commonwealth of Massachusetts ("SOC"), John Polanowicz, in his official capacity as Secretary of the Massachusetts Executive Office of Health and Human Services ("EOHHS"), and Stacey Monahan, in her official capacity as Commissioner of the Massachusetts Department of Transitional Assistance ("DTA"),[1] respectfully submit this Memorandum of Law in Support of their Motion for Judgment on the Pleadings as to Claims Regarding the Office of Medicaid, Individual Plaintiff, and Remote Transactions. A Proposed Judgment is attached as Exhibit ("Ex.") A hereto.

**PRELIMINARY STATEMENT**

In two pending motions (Dkt. Nos. 58-59, 62-63), Plaintiffs have sought to compel the production of documents with regard to voter registration practices of the Office of Medicaid, in

---

[1] In accordance with Rule 25(d) of the Federal Rules of Civil Procedure, John Polanowicz and Stacey Monahan have been substituted as parties for their predecessors, Judy Ann Bigby, M.D., and Daniel Curley, respectively.

1

connection with the Commonwealth's MassHealth (Medicaid) program, and to amend the Complaint to add the Director of the Office of Medicaid as a defendant. Defendants have opposed these motions because Plaintiffs failed to provide pre-suit notice of any alleged violations of the National Voter Registration Act ("NVRA") with regard to the Office of Medicaid's administration of MassHealth. See Dkt. Nos. 66, 73. Because Plaintiffs therefore failed to satisfy a mandatory prerequisite to suit as to claims concerning the Office of Medicaid, Defendants request that this Court enter judgment in their favor on such claims. Defendants also request that this Court enter judgment in their favor on any claims concerning the individual plaintiff, Bethzaida Delgado, and "remote transactions" for public assistance benefits, based on Plaintiffs' failure to comply with the NVRA's notice requirement as to these additional claims.

## BACKGROUND

As explained in prior briefing, this action originally arose from a demand letter (the "Notice Letter") sent by counsel for Plaintiff New England United for Justice ("NEU4J") in December 2011, describing alleged violations of the NVRA at two agencies: DTA and the Department of Public Health in its administration of the Women, Infant and Children ("WIC") program. See Defs. Opp. to Pls. Mot. Compel (Dkt. No. 66) at 2; Defs. Opp. to Pls. Mot. Amend (Dkt. No. 73) at 2. The Notice Letter also raised concerns about an SOC policy of requiring distributions of voter registration forms "only when the individual checks 'yes' [on a voter 'declination' form] in response to the question, 'If you are not already registered to vote at your current address, would you like to register to vote?'." Notice Letter (Dkt. No. 1-1) at 2 (emphasis in original). The letter made no mention of the MassHealth program or the Office of Medicaid, nor did it mention Plaintiff Delgado. See id. at 1-4.

The Complaint alleges generally that Defendants have violated the NVRA "in connection with public assistance benefits," id. (Dkt. No. 1), ¶ 28; see also id., ¶ 29, and that, upon information and belief, an on-line portal operated by EOHHS, called "Virtual Gateway," fails to provide voter registration opportunities, id., ¶ 37.  The Complaint does not allege any specific NVRA violations involving the Office of Medicaid, except to state that the individual plaintiff, Bethzaida Delgado, does not "recall" being offered voter registration services during her visits to MassHealth enrollment centers.  See Compl., ¶¶ 6, 50,[2]  In a Proposed Amended Complaint filed on June 24, 2013, Plaintiffs allege that the Office of Medicaid's on-line application materials for MassHealth do not comply with the NVRA.  See Dkt. No. 62-1, ¶ 39.

On July 25, 2012, EOHHS and DTA, through the Office of the Attorney General, sent Plaintiff Delgado, through her counsel at Rope & Gray LLP, a voter registration application with explanatory materials.  See Ex. A to Affidavit of Tori T. Kim ("Kim Aff.") submitted herewith (7/25/12 Letter to Ropes & Gray with enclosures).  In her responses to interrogatories, Plaintiff Delgado acknowledged that she received a voter registration application from EOHHS/DTA, and stated that she registered to vote prior to the November 2012 presidential election.  See id., Ex. B at 5 (4/22/13 Delgado Interrog. Resp. No. 4).  The Proposed Amended Complaint contains no new allegations regarding Plaintiff Delgado's interactions with DTA or MassHealth offices, and reiterates that her "last visit" to any such office occurred on June 24, 2011.  See id., ¶¶ 51-52.

**ARGUMENT**

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial."  In the "archetypical case,

---

[2] The Complaint also notes that EOHHS is the "single state agency" responsible for administering the MassHealth program in Massachusetts, id., ¶ 10, and is responsible for ensuring compliance with the NVRA by public assistance offices, id., ¶ 27.  In ¶ 11, Plaintiffs allege (incorrectly) that DTA "administers" MassHealth.  See Ans. (Dkt. No. 24), ¶¶ 11, 27.

the fate of such a motion will depend upon whether the pleadings, taken as a whole, reveal any potential dispute about one or more of the material facts." Ibanez v. U.S. Bank Nat'l Ass'n, 856 F. Supp. 2d 273, 275 (D. Mass. 2012) (quoting Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 38 (1st Cir. 2004)).  As with a Rule 12(b)(6) motion, "to survive a Rule 12(c) motion, the underlying complaint must allege 'a plausible entitlement to relief.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).  In reviewing a Rule 12(c) motion, a court "may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to the plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993)); accord Elsevier Ltd. v. Chitika, Inc., 826 F. Supp. 2d 398, 402 (D. Mass. 2011).

### I. THIS COURT SHOULD ENTER JUDGMENT IN DEFENDANTS' FAVOR ON ANY CLAIMS RELATING TO THE OFFICE OF MEDICAID BECAUSE PLAINTIFFS FAILED TO GIVE PRE-SUIT NOTICE OF THESE CLAIMS.

As previously argued, the Complaint fails to state a claim for relief with respect to the Office of Medicaid's administration of the MassHealth program because Plaintiffs did not provide pre-suit notice of such claims. See generally Defs. Opp. to Pls. Mot. Compel (Dkt. No. 66) at 7-14; Defs. Opp. to Pls. Mot. Amend (Dkt. No. 73) at 5-11.[3]  This deficiency of notice means that any claims by Plaintiffs concerning the administration of MassHealth benefits by the Office of Medicaid are subject to dismissal. See Nat'l Council of La Raza v. Miller, -- F. Supp. 2d --, 2012 WL 6691729, at *10 (D. Nev. Dec. 19, 2012) (notice requirement is issue of "statutory standing," warranting dismissal under Rule 12(b)(6) for failure to comply); Georgia

---

[3] In addition to opposing Plaintiffs' motion for leave to amend, Defendants seek in this motion entry of judgment as to the claims contained in the original Complaint, concerning the Office of Medicaid's administration of MassHealth.  As previously argued, Plaintiffs' proposed amendments to add the Director of the Office of Medicaid as a defendant and assert a "new" MassHealth-related claim within 30 days of a federal special election fail to cure the pleading deficiencies in the original Complaint.  See Defs. Opp. to Pls. Mot. Amend at 5-11.

State Conference of NAACP v. Kemp, 841 F. Supp. 2d 1320, 1335-36 (N.D. Ga. 2012) (notice provision "confers standing" on plaintiff, and "dismissal is proper" for failure to comply). Accordingly, this Court should enter judgment in Defendants' favor on these claims, including, without limitation, those contained in paragraphs 6, 10-11, 27-29, 37, 48, 50-51, and 56-58. See Prop. Judg. (Ex. A hereto), ¶ 1.[4]

While Plaintiffs' failure to comply with the NVRA's notice requirement provides sufficient ground to enter judgment in Defendants' favor, Plaintiffs also have not asserted a plausible claim for relief as to the Office of Medicaid. As noted, the Complaint lacks any specific allegations regarding NVRA violations by the Office of Medicaid, with the exception of a single statement that Plaintiff Delgado does not "recall" being offered voter registration services during her visits to MassHealth enrollment centers. Compl., ¶¶ 6, 50. While the Complaint cites one example of such an instance at a DTA office, id., ¶ 49, it cites no facts other than Plaintiff Delgado's lack of recollection as to events at MassHealth enrollment centers. These allegations fail to state a "plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679-80 (2009); Twombly, 550 U.S. at 555).[5]

---

[4] To the extent these or other paragraphs pertain to the procedures for accepting MassHealth applications at DTA offices, Defendants do not dispute that such claims (except if related to Plaintiff Delgado) may proceed as part of this suit.

[5] For the reasons stated in Part III below, and in Defendants' opposition to Plaintiffs' motion to amend (Dkt. No. 73 at 8-11), the addition of a "new" MassHealth-related claim in the Proposed Amended Complaint also fails to cure this lack of specificity regarding the Office of Medicaid. Plaintiffs did not comply with the NVRA's notice requirement as to this new claim, which, in any event, contradicts published guidance from the U.S. Department of Justice.

## II. PLAINTIFF DELGADO SHOULD BE DISMISSED BECAUSE SHE FAILED TO COMPLY WITH THE NVRA'S NOTICE REQUIREMENT AND BECAUSE DEFENDANTS HAVE CURED ANY PUTATIVE VIOLATIONS AS TO HER.

This Court should enter a judgment of dismissal as to Plaintiff Delgado, based on her failure to comply with the NVRA's notice requirement and Defendants' subsequent cure of any putative violations as to her.  In Georgia State Conference of NAACP v. Kemp, the court, in response to a Rule 12(b)(6) motion, dismissed an individual plaintiff from suit, where the notice letter lacked any reference to the individual or to any NVRA violations relating to that individual.  841 F. Supp. 2d at 1335.  The court found that the complaint lacked any allegation that the individual was "represented" by the organizational plaintiff, or "similarly situated" to others so represented, so as to bring his claims within the scope of those raised in the notice letter.  Id.  Nor could the individual assert standing to sue on the same ground as the organizational plaintiff, as the "alleged injuries to [the individual], such as the lost convenience of applying for voter registration at a public assistance office and the entitlement to aid in registering to vote, are unique to [him]."  Id.  Finally, the court found that, as the state remedied the alleged NVRA violation by sending the individual a voter registration form, the purpose of the notice requirement to encourage such actions supported an order of dismissal.  Id. at 1336.

The decision in Kemp squarely addresses the circumstances here.  As in that case, the Notice Letter here lacks any reference to the individual plaintiff, and neither the Complaint nor the Proposed Amended Complaint alleges that Plaintiff Delgado is "represented" by the organizational plaintiff NEU4U, or "similarly situated" to voters represented by this group, so as to bring her claims within the scope of those raised in the Notice Letter.  Compare Notice Letter at 1 ("[w]e write on behalf of [NEU4J], persons eligible to register to vote that it represents, and others similarly situated") with Compl., ¶¶ 6, 46-51; Prop. Am. Compl., ¶¶ 6, 48-53.  In fact,

Plaintiff Delgado stated in interrogatory responses that she has "no affiliation with any of the other named Plaintiffs." Kim Aff., Ex. B at 17 (4/22/13 Delgado Interrog. Resp. No. 19).[6]

Moreover, the alleged injury suffered by Plaintiff Delgado—namely, the denial of an opportunity to register to vote—differs from the harms alleged by NEU4J and NAACP-NEAC, arising from an alleged diversion of organizational resources. Compare Compl., ¶¶ 6, 48-50 (Delgado) with id., ¶¶ 7-8, 52-55 (NEU4J, NAACP-NEAC); see also Nat'l Council, 2012 WL 6691729, at *13-*14 (distinguishing between organization's standing to sue based on diversion of resources, and "associational standing" based on harms to individual members); Kemp, 841 F. Supp. 2d at 1335-36 (distinguishing between individual's and organizations' alleged injuries). Thus, the claims raised by Plaintiff Delgado relate to injuries that are unique to her, and which cannot be subsumed under the claims raised by NEU4J and NAACP-NEAC on their own behalf. To qualify as an "aggrieved person" entitled to bring suit under the NVRA, Plaintiff Delgado was required, but failed, to provide the state with notice and an opportunity to cure any putative violations with respect to her before bringing suit. 42 U.S.C. § 1973gg-9(b)(2).

In any event, the agencies, as in Kemp, have remedied any putative NVRA violation as to Plaintiff Delgado by sending her a voter registration application and offering her assistance in completing that form. See Kim Aff., Ex. A (7/25/12 Letter to Ropes & Gray with enclosures). Plaintiff Delgado has acknowledged receiving the voter registration application, and stated that she registered to vote prior to the November 2012 election. Id., Ex. B at 5 (4/22/13 Delgado Interrog. Resp. No. 4). She has not raised any new allegations in connection with her

---

[6] While Plaintiffs have little basis to dispute the authenticity of their own interrogatory responses for purposes of this Rule 12(c) motion, see Curran, 509 F.3d at 44, this Court, in its discretion, may treat this motion as one for summary judgment, if it relies on matters outside the pleadings. See Fed. R. Civ. P. 12(d); Gulf Coast, 355 F.3d at 38.

interactions with DTA or MassHealth offices, as part of the Proposed Amended Complaint submitted on June 24, 2013.  See id., ¶¶ 6, 48-53.

As shown above, Plaintiff Delgado failed to provide pre-suit notice of any NVRA violations related to her, and Defendants, in any event, have remedied any putative violations. Thus, this Court should enter judgment in Defendants' favor on any claims related to Plaintiff Delgado, including those contained in paragraphs 6, 46-51, and 56-58 of the Complaint; this Court also should enter a judgment of dismissal as to this plaintiff.  See Prop. Judg. at 1 & ¶ 2.

**III.   DEFENDANTS ARE ENTITLED TO AN OPPORTUNITY TO ADDRESS ANY ISSUES CONCERNING REMOTE TRANSACTIONS BEFORE FACING LITIGATION.**

In paragraph 37 of the Complaint, Plaintiffs allege that EOHHS fails to provide voter registration opportunities through an on-line portal, called "Virtual Gateway."  In their Proposed Amended Complaint, Plaintiffs also allege that the Office of Medicaid's on-line application materials for MassHealth benefits do not comply with the NVRA.  See Dkt. No. 62-1, ¶ 39.  This Court should enter judgment in Defendants' favor on any claims regarding "Virtual Gateway" or any "remote transactions" for public assistance benefits, based on Plaintiffs' failure to comply with the NVRA's notice-and-cure requirement with respect to these claims.

As noted, the Notice Letter raised concerns about what NEU4J contended was an SOC policy of requiring distributions of voter registration forms "only when the individual checks 'yes' [on a 'declination' form] in response to the question, 'If you are not already registered to vote at your current address, would you like to register to vote?'."  Notice Letter at 2 (emphasis in original).  The Notice Letter also detailed investigations at DTA and WIC offices, allegedly showing that individuals arriving in person to apply for or recertify benefits, or to change their address, did not receive voter registration opportunities.  Id. at 2-3.  The Notice Letter makes no

mention of "Virtual Gateway," nor does it raise any issues regarding "remote transactions," such as mail, telephone, or internet transactions. See, e.g., Kemp, 841 F. Supp. at 1329-34 (discussing remote transactions, and pointing to specific reference in plaintiffs' notice letter to this issue).

The deficiency of notice with regard to "remote transactions" means that Defendants have not had an opportunity to fully investigate these issues, and/or implement any necessary remedies. While DTA agreed, as part of the July 2012 Agreement, to consider a possible change to its policy concerning mail transactions, see Dkt. No. 35-1, ¶¶ 10, 14, the parties did not reach a final settlement on this issue, see Dkt. No. 35 (Joint R. 16 Statement) at 6. The July 2012 Agreement did not require any changes to Virtual Gateway, or impose any obligations on EOHHS. Id. (stating that DTA will "continue to inform" clients using Virtual Gateway of voter registration opportunities, and instruct employees to do the same).[7]

The NVRA's notice requirement serves to give the state an opportunity to cure any putative violations before facing litigation, and only if the specific violation identified by a plaintiff has not been cured. See 42 U.S.C. § 1973gg-9(b)(2) (permitting civil action, only if "the violation is not corrected" after receipt of notice); Nat'l Council, 2012 WL 6691729, at *8-*9 (emphasizing that reference to "the violation" six times in notice provision shows that plaintiff must "identify specific violations and provide the state an opportunity to correct them"). Plaintiffs make no allegation, and the Notice Letter fails to show, that they raised any issues concerning remote transactions prior to suit, or that Defendants have failed to remedy those

---

[7] The mere fact that the July 2012 Agreement mentions Virtual Gateway does not excuse Plaintiffs' failure to provide pre-suit notice of alleged violations related to Virtual Gateway. Instead, it only demonstrates that, when given the opportunity, Defendants have always been willing to discuss possible changes to address NVRA-related issues. In any event, serious questions exist as to whether transactions through Virtual Gateway qualify as "covered transactions" under the NVRA, since individuals must either apply through a third-party (in the case of MassHealth) or subsequently contact DTA to complete an application (in the case of food stamps or other benefits administered by DTA). See Ans. (Dkt. No. 24), ¶ 37.

issues.  See Compl., ¶ 39 (alleging only that the "violations of the NVRA described in the [N]otice [L]etter have not been remedied").

As another example, Plaintiffs again raised a new concern regarding remote transactions in their Proposed Amended Complaint, which alleges that the Office of Medicaid's on-line application materials for MassHealth "omit[]" a voter registration form, Dkt. No. 62-1, ¶ 39, even though a downloadable version of the form appears at the top of the "Apply for MassHealth" webpage, id., n.5 (citing link to webpage).  The purpose of the NVRA's notice provision is to deter such "surprise" allegations in a complaint, and, instead, to require the state to face litigation only as to violations it was notified of, but failed to cure, prior to suit.  Indeed, the technical nature of this purported violation only reinforces the importance of providing pre-suit notice to avoid unnecessary litigation.  See Defs. Opp. to Pls. Mot. Amend at 10-11.

Based on the foregoing, this Court should enter judgment in Defendants' favor on any claims relating to Virtual Gateway or "remote transactions" for public assistance benefits, including those contained in paragraphs 37 and 56-58 of the Complaint.  See Prop. Judg., ¶ 3.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter judgment in Defendants' favor, pursuant to Fed. R. Civ. P. 12(c), on any claims in the Complaint relating to:  (i) the Office of Medicaid's administration of the MassHealth program; (ii) the individual plaintiff, Bethzaida Delgado; and (iii) "Virtual Gateway" or any "remote transactions" relating to public assistance benefits.  Defendants further request that this Court enter a judgment of dismissal as to Plaintiff Delgado.  A Proposed Judgment is attached as Ex. A hereto.

*Respectfully submitted,*

MARTHA COAKLEY
ATTORNEY GENERAL

*Attorney for Defendants*

　　/s/ Tori T. Kim　　　　
Tori T. Kim, BBO #651721
Timothy J. Casey, BBO #650913
Assistant Attorneys General
One Ashburton Place, 20th Fl.
Boston, MA  02108
Tel:  (617) 963-2022
Fax:  (617) 727-5785
Email:  tori.kim@state.ma.us

Date:  July 15, 2013　　　　　　　timothy.casey@state.ma.us

## LOCAL RULE 7.1 STATEMENT

I certify that I have conferred with opposing counsel, Eugene Morgulis of Ropes & Gray LLP, but was unable to obtain counsel's assent to this motion.

　　/s/ Tori T. Kim　　　
Tori T. Kim

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on today's date.

　　/s/ Tori T. Kim　　　
Tori T. Kim